THE STATE FOR USE OF HAWKINS COUNTY *v.* P. H. STARNES *et al.*

1. TAX COLLECTOR. *Bonds. School fund.* Collector of revenue and sureties are not liable to motion on general bond, given for collection of county or State revenue, for collection of school fund, a special bond being required to be given for this by the Code, and it must be assumed the law did not intend to include in the general bond what was thus specially provided for.

2. PRACTICE AND PLEADINGS. *Agreed order of reference. Estoppel.* An agreed order of reference to ascertain how much was due from a revenue collector, and for what years, cannot be held as an estoppel, so as to entitle a recovery of such funds not included in the bond or carried by it.

FROM HAWKINS.

Appeal in error from the Circuit Court of Hawkins county. NEWTON HACKER, J.

S. J. KIRKPATRICK and HOFFMASTER for County.

McDERMOTT & KYLE and W. P. GILLENWATERS for Starnes.

FREEMAN, J., delivered the opinion of the court.

These cases are motions against the revenue collector for Hawkins for failure to pay over the common school fund collected by him, for the years 1870–71, 1872–73, and 1874–75. The motion seeks to make

his sureties on his general official bond liable for the delinquency of the collector for these years.

We need notice but two questions in these cases. The court below held, that the collector and his sureties were not liable by motion on his general official bond, being required by the Code, sec. 972, and perhaps other sections, expressly to give a separate bond, "in such penalty as may be fixed by the county court," for the collection and paying over this fund to the county trustee. We have been pointed to no statute that changes this, nor any authority for holding that in such a case the parties on the official bond shall be liable for revenue that is required to be secured by a special bond, therefore cannot be assumed to have been included in such bond. As said by Judge McFarland, in the case of *McClean* v. *State and County, etc.,* 8 Heis., 270, in reference to railroad taxes: "The court was required to take a special bond for the collection of these taxes. The sureties on the ordinary county bond had a right to presume that this positive mandate of the law had been, or would be complied with," and so it was held they were not liable. The principle is conclusive of this case.

It is insisted, however, that defendants are precluded from asserting *non* liability on these bonds, by reason of an agreed order made in this case, consolidating the cases and referring the matter to the clerk of the court to report and "show what amount is due from said Starnes as revenue collector of Hawkius county, and for which he should account as such,

and the clerk was required to so state the accounts as to show what amount is due for each year from 1870 to 1875."

It is insisted, this is an admission of liability in this case, and a conclusive estoppel.

We do not think so. It was only an enquiry to ascertain the amount of defalcation, and for what years. It adjudicated nothing, and was not so intended, as to the question of liability on the general official bond for the common school fund. To so hold, would be to violate the truth and justice of the case, and we cannot do this.

Let the judgment be affirmed.